728 S.E.2d 37

## In the Matter of Gloria Y. LEEVY, Respondent.

### No. 27137.

Supreme Court of South Carolina.

Submitted May 14, 2012.

Decided June 27, 2012.

182

Disciplinary Counsel Lesley M. Coggiola and Assistant Disciplinary Counsel William Curtis Campbell, both of Office of Disciplinary Counsel.

Gloria Y. Leevy, of Atlanta, GA, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter and to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School. We accept the Agreement and suspend respondent from the practice of law in this state for three (3) years. We further order respondent to pay the costs incurred in the investigation and prosecution of this matter and to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School prior to seeking reinstatement. The facts, as set forth in the Agreement, are as follows.

### Facts

#### Matter I

On or about December 2007 or January 2008, respondent issued a check in the amount of $250 payable to the South

Carolina Bar Lawyer Referral Service on her law firm trust account. Respondent asserts that, at the time she wrote the check from her trust account, there were no client funds in the account.

In addition, respondent admits she failed to complete monthly reconciliations of the trust account. She acknowledges she failed to maintain the records required by Rule 417, SCACR. Respondent has provided evidence to ODC of her acquisition of equipment to enable her to better organize her accounting records so that she will be in compliance with the Rules of Professional Conduct and Rule 417, SCACR.

### Matter II

Respondent represented the Complainant in a civil matter in 2001. She admits she failed to diligently pursue the action on behalf of the Complainant. In addition, respondent admits she failed to communicate with Complainant by not responding to Complainant's letters and telephone calls. Respondent states substitute counsel has now taken over the representation of Complainant.

### Matter III

Respondent represented the Complainant in a wrongful termination action. Respondent admits she failed to diligently represent the Complainant because she failed to effectuate proper service on the defendants. In addition, respondent failed to communicate with Complainant. Respondent admits she relocated her law office and failed to notify Complainant of the new address or telephone number.

### Matter IV

On November 1, 2008, respondent was appointed to represent Complainant in a pending criminal matter. Respondent failed to diligently act upon notice of the appointment and did not meet with Complainant or otherwise acknowledge her appointment. Respondent admits she failed to communicate with Complainant. Respondent states substitute counsel has been appointed for Complainant.

### Matter V

Respondent undertook to represent the Complainant in a discrimination/education action regarding Complainant's child. Respondent failed to file an appeal and failed to file suit in the

United States District Court as requested by Complainant; respondent admits she failed to make it clear to Complainant that she would not file suit in federal court, but in state court.

Respondent admits she failed to timely communicate with Complainant. She admits she did not notify Complainant of the relocation of her law office and failed to provide Complainant of her new address or other contact information.

## Matter VI

Respondent represented Complainant in a case seeking recovery of Complainant's belongings that were being held in storage. Respondent admits she filed the initial action in 2005 with the belief that the cause of action did not arise until the belongings were sold for storage fees. Respondent was later made aware that the belongings were sold for the storage fees in 2001 and the statute of limitations had expired.

Respondent admits she did not diligently pursue this case. She also admits she failed to maintain communications with Complainant.

In 2008, respondent secured substitute counsel for Complainant, but the case was ultimately lost as it was not filed within the statute of limitations.

## Matter VII

Respondent admits she undertook to represent two parties in personal injury cases in 2002. Respondent states that she associated another attorney who actually handled the settlement of the cases. That attorney is no longer a licensed attorney in South Carolina.

Respondent later learned that the Complainant, a medical provider for both parties, was not paid from the settlement proceeds. Respondent is now informed that the Complainant is owed $6,038 in one case and $5,818 in the other case. Respondent accepts full responsibility for the failure to make payment to the Complainant. She represents she fully intends to make the Complainant whole with regards to the funds owed.

## Matter VIII

Respondent admits that she accepted Complainant's case materials and a check in the amount of $5,000 as a fee to handle the case. Respondent did not place the funds in her

trust account but, rather, deposited the funds into her personal account.

Respondent left South Carolina realizing she would not be able to function as a lawyer and returned Complainant's retainer in April 2010 by issuing a starter check on a new checking account. The check was returned to Complainant's bank as it could not be negotiated.

Respondent did not forward Complainant her materials as she had promised. Respondent admits she failed to safeguard Complainant's funds and materials, failed to communicate with Complainant, and failed to act diligently on Complainant's behalf.

Respondent failed to answer the Notice of Investigation.

In mitigation, respondent notified ODC that she been suffering from depression due to illness and the death of family members. ODC encouraged respondent to seek help from Lawyers Helping Lawyers and was informed respondent did avail herself of that service at some point during these proceedings. Respondent represents she is unable to function as a practicing member of the legal community at this time.

### Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued), Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client), Rule 1.4 (lawyer shall keep client reasonably informed about the status of the matter and promptly comply with reasonable requests for information), Rule 1.15 (lawyer shall hold property of clients or third persons in lawyer's possession in connection with a representation separate from lawyer's own property; lawyer shall promptly deliver to client or third person any funds or other property that client or third person is entitled to receive), Rule 8.1(b) (lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from disciplinary authority, and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). She also

admits she violated Rule 417, SCACR. Respondent acknowledges she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct).

### Conclusion

We accept the Agreement and suspend respondent from the practice of law in this state for three (3) years. We further order respondent to pay the costs incurred in the investigation and prosecution of this matter to the Commission on Lawyer Conduct and to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School prior to seeking reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**